**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| QUANTRAILL SMITH, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-1066 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Quantraill Smith's pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 1). The Government filed a Response to Show Cause Order (Doc. No. 10). Movant did not file a reply and the time for doing so has passed. The motion is, therefore, fully briefed and ready for disposition. For the following reasons, the motion will be denied.

On July 16, 2012, Movant pled guilty to three counts of a three-count superseding indictment in Case No. 4:12-CR-00032-JAR-1. Count 1 charged Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C); Count 2 charged Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c); Count 3 charged Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). A presentence investigation report ("PSR") calculated Movant's base offense level at 20 because the offense occurred "subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." To this, two levels were added pursuant to § 2K2.1(b)(4)(A) of the United States Sentencing Guidelines ("USSG") because the firearm Movant possessed was stolen. Six levels were added because Movant assaulted a police officer

during the course of the offense. After a three-level reduction for acceptance of responsibility, Movant's total offense level was 25. (See 4:12-CR-00032, Doc. No. 63 at 7-8) Movant's criminal history score was 5, resulting in a Criminal History Category of III. (Id. at 8-10) Based on a total offense level of 25 and a Criminal History Category of III, the advisory guideline imprisonment range was 70 to 87 months. (Id. at 15) In addition, the guideline sentence for Count 2 required a minimum term of imprisonment of 60 months, to be imposed consecutively to any other counts. (Id.)

On October 18, 2012, Movant was sentenced, within the guideline range, to concurrent terms of 84 months on each of Counts 1 and 3, and a consecutive term of 60 months on Count 2, for an aggregate term of imprisonment of 144 months. His sentence was not enhanced under the Armed Career Criminal Act ("ACCA"). Petitioner's counsel filed a Notice of Compliance with Local Rule 12.07(A) on October 30, 2012, indicating that he did not request that counsel file a notice of appeal on his behalf; Movant did not file a direct appeal.

Movant filed his motion under § 2255 on June 28, 2016, asserting a claim under Johnson v. United States, 135 S. Ct. 2551 (2015). The Court directed the Federal Public Defender to inform the Court whether it intended to pursue Movant's arguments under Johnson. On August 1, 2016, the Federal Public Defender informed the Court that it did not intend to file any further documents and withdrew from the case. The Court then directed the Government to file a response to Movant's motion.

In his motion for post-conviction relief, Movant claims his sentence should be vacated under the Supreme Court's decision in Johnson. In Johnson, the Supreme Court held that the "residual clause" of the ACCA is unconstitutionally vague. 135 S. Ct. at 2557-58. Johnson

applies only to sentences enhanced under the ACCA. Because Movant's sentence was not enhanced under the ACCA, Johnson has no application to his case.

Moreover, even if the Court were to liberally construe the motion as also seeking relief under Beckles v. United States, No. 15-8544, a case currently pending before the Supreme Court which involves the issue of whether Johnson applies to the Sentencing Guidelines, the motion would nevertheless be dismissed. Although Movant's base offense level was increased from 14 to 20 due to a prior conviction, that prior conviction was for a controlled substance offense and not a crime of violence. Thus, even if Johnson applied to the Guidelines, it still would have no application to Movant's case.

Finally, to the extent Movant is arguing that his § 924(c) charge is affected by Johnson, the Government correctly points out that that argument is foreclosed by Eighth Circuit precedent. See United States v. Prickett, No. 15-3486, 2016 WL 4010515 (8th Cir. July 27, 2016) (holding that Johnson does not apply to the residual cause of 18 U.S.C. 924(c)).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [1] is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate judgment of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 17th day of January, 2017.

_____

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**